UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. ____

KATHLEEN VAUGHN, individually &
on behalf of all similarly situated,

 Plaintiff,

v.

LAMI PRODUCTS, LLC,

 Defendant.
_____/

## COMPLAINT & JURY DEMAND

 1. The Plaintiff, Kathleen Vaugh, sues Defendant, LaMi Products, LLC, pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of 29 U.S.C. § 207(a)(1).

 2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## I. Parties

 3. Defendant is a Delaware limited liability company.

 4. Defendant is owned by Larry Dion and Michael Dion.

 5. Defendant began with one item in 1978.

 6. Defendant manufactured the product at night and sold it by day.

 7. Defendant evolved into a 250,000 square foot warehouse operation with over 700 employees.

8. Defendant services over 7,000 grocery stores and selling into 20,000 plus retail outlets nationwide from the keys of Florida, up to New England, out to Seattle, down to San Diego.

9. Defendant conducts business in Miami, Florida among other cities and states.

10. Plaintiff is a Florida resident.

11. Plaintiff performed work for Defendant in Miami, Florida as well as in other Florida cities.

12. Defendant hired Plaintiff from Florida.

13. Defendant paid Plaintiff in Florida.

14. Defendant terminated Plaintiff in Florida.

15. Defendant withheld Florida unemployment taxes for Plaintiff.

16. Other than Florida Plaintiff performed work for Defendant in Georgia, Arkansas, Tennessee, Pennsylvania and Ohio.

## II. Background

17. Plaintiff was a merchandiser for Defendant.

18. Defendant has employed in excess of 500 merchandisers similarly situated to the named Plaintiff within the past three years.

19. Plaintiff worked for Defendant from on or about January 2003 to on or about June 2016.

20. During Plaintiff's employment Defendant did not pay its merchandisers for all hours worked.

21. Defendant has been sued for unpaid overtime in the past three years.

22. Defendant has agreed to pay merchandisers for both state and federal wage and hour violations in previous cases.

23. The merchandisers that Defendant has paid for unpaid wage and hour violations within the past three years are similarly situated to the named Plaintiff.

24. Defendant has not paid all of its merchandisers the unpaid overtime and liquidated damages due to them pursuant to the Fair Labor Standards Act (FLSA or Act).

25. In fact, there are over 500 merchandisers similarly situated to the named Plaintiff that have neither released Defendant of their FLSA rights nor been paid their unpaid wages pursuant to the Act.

26. Plaintiff(s) are any merchandisers: (A) that worked for Defendant anytime within three years of this complaint; (B) subjected to Defendant's Merchandiser Pay Policy; (C) worked forty or more hours in one or more workweeks without receiving proper overtime; and (D) that have not waived their FLSA claim.

27. Defendant did not keep accurate time records for Plaintiff(s).

28. Defendant allocated an artificial amount of time worked for each of Plaintiff(s) assigned stores.

29. The time allocated for each Plaintiff was not an accurate reflection of the total hours that Plaintiff(s) actually worked at the store.

30. Plaintiff(s) typically worked at 2 to 4 stores in a workday.

31. Plaintiff(s) had to travel between stores.

32. Defendant did not pay Plaintiff(s) for travel time between stores.

33. Plaintiff(s) on occasion travelled overnight for a job.

34. Defendant did not pay Plaintiff(s) for travel that is all in the day's work pursuant to 29 C.F.R. § 785.38.

35. Defendant did not pay Plaintiff(s) for travel away from home community pursuant to 29 C.F.R. § 785.39.

36. Plaintiff(s) performed some work for Defendant from home.

37. Plaintiff(s) completed paper work from home for which they were not compensated.

38. Defendant would communicate with Plaintiff(s) by email without actually paying Plaintiff(s) for such work time.

39. Defendant knew Plaintiff(s) travelled between jobs without pay.

40. Defendant knew Plaintiff(s) travelled away from their home communities without pay.

41. Defendant knew Plaintiff(s) completed paperwork for which they were not paid.

42. Defendant reimbursed Plaintiff(s) for such costs as postage, gas and oil.

43. Defendant did not pay Plaintiff(s) for all hours worked.

44. Defendant was sued under the FLSA and common law for wage and hour violations in June 2015 and settled with a limited number of opt-ins in October

2015. See *Leake v. Lami Products, Inc. et al*, 2:15-cv-3487-LFR (E.D. Pa. 2015)[D.E. 1, 5, 6 & 9].

45. After the limited *Leake* settlement, Defendant was once again sued under the FLSA and state law in November 2015 and reached a class settlement that was finally approved in November 2016. See *Cikra v. Lami Products, LLC*, 2:15-cv-6166-WB (E.D. Pa. 2015).

46. In *Cikra* notice pursuant to the FLSA was sent to putative class members only after a settlement had been reached.

47. In other words, if a merchandiser wanted to opt-in to the *Cikra* case they would have been bound by a settled achieved prior to notice being issued.

48. The named Plaintiff chose not to opt-in to the *Cikra* FLSA collective action, because she did not want to be bound by a settlement reached prior to her participation.

49. In fact, hundreds of merchandisers did not opt-in to the *Cikra* FLSA collective action.

50. The FLSA does not prohibit a second collective action. See *Akins v. Worley Catastrophe Response, LLC*, 921 F.Supp.2d 593 (E.D. La. 2013); *Hautur v. Kmart Corp.*, 2015 WL 5567912 (W.D.N.Y. 2015).

### III. Failure to Pay Overtime in violation of the FLSA

51. Defendant has annual gross revenues of over $500,000.

52. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as merchandise.

5

53. Defendant is an enterprise as defined by 29 U.S.C. § 203(r)(1).

54. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

55. Defendant was an employer of Named Plaintiff as defined by 29 U.S.C. § 203(d).

56. Defendant has employed over 500 Merchandisers similarly situated to Named Plaintiff.

57. Named Plaintiff was paid on an hourly basis pursuant to Defendant's Merchandiser Pay Policy which did not account for all hours worked and allocated an artificially low number of hours for each merchandiser.

58. Defendant was required to pay Named Plaintiff overtime pursuant to 29 U.S.C. § 207(a)(1).

59. Defendant did not pay Named Plaintiff all overtime owed.

60. Defendant did not pay Named Plaintiff for travel that is all in the day's work pursuant to 29 C.F.R. § 785.38.

61. Defendant did not pay Named Plaintiff for travel away from home community pursuant to 29 C.F.R. § 785.39.

62. Defendant did not pay Named Plaintiff for administrative tasks such as scanning, emailing, preparing expense reports and journals as well as boxing and shipping packages.

63. Defendant did not pay Plaintiff(s) for all hours worked.

64. Defendant owes Named Plaintiff unpaid overtime.

65. Defendant owes Plaintiff(s), merchandisers, unpaid overtime for the same reason it owes Named Plaintiff unpaid overtime.

66. Defendant acted in reckless disregard of 29 C.F.R. §§ 785.38 & 39.

67. Defendant was aware of the FLSA when it employed Named Plaintiff.

68. Defendant willfully violated the FLSA.

69. Any merchandiser that did not opt-in to the Pennsylvania cases is similarly situated to Named Plaintiff.

70. Plaintiff(s) are owed unpaid overtime.

71. Plaintiff(s) sue Defendant pursuant to 29 U.S.C. § 216(b).

72. Plaintiff(s) demand trial by jury.

Wherefore, Plaintiff(s) demand notice of this lawsuit to all similarly situated, unpaid overtime, liquidated damages, declaration that Defendant violated the FLSA, trial by jury, judgment, attorneys' fees and costs.

Respectfully submitted this 25th day of January 2017,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Christina J. Thomas
Florida Bar Number 74846
Morgan & Morgan
333 Vine St Ste 1200
Lexington, Kentucky 40507
Tel: (859) 219-4529
Email – bmazaheri@forthepeople.com
cthomas@forthepeople.com

Counsel for Plaintiff(s)