UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-20326-JAL

KATHLEEN VAUGHN, individually &
on behalf of all similarly situated,

    Plaintiff,

v.

LAMI PRODUCTS, LLC,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

Named Plaintiff, Kathleen Vaughn, on behalf of herself and all Opt-In Plaintiffs ("**Plaintiffs**"), and Defendant LaMi Products, LLC, hereby move this Honorable Court for entry of an Order: (1) approving the Parties' Settlement [D.E. 68] and (2) dismissing this action in its entirety, with prejudice. In support of this Joint Motion, the Parties state as follows:

### I.   Procedural History

On January 25, 2017, Vaughn filed this putative Collective Action Complaint ("**Complaint**") alleging that certain LaMi employees were not paid for time spent travelling to and from jobsites and therefore denied overtime compensation pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("**Lawsuit**"). On March 15, 2017, LaMi filed its Answer denying the material allegations of the Complaint and raising twenty-six affirmative defenses. On August 16, 2017, this Court granted the parties' Joint Motion to Facilitate Notice and Reschedule Mediation and approved a form Notice of Lawsuit and Consent to Join Collective

1

Action. LaMi thereafter provided Plaintiffs' Counsel with a list of covered employees that were employed by LaMi from January 1, 2015 through June 19, 2016 that did not participate in the previous Fair Labor Standards Act (**"FLSA"**) suit involving LaMi, *Donald Cikra, et al. v. LaMi Products, LLC*, U.S.D.C. E.D.. Pa. 2:15-CV-06166 (**"Putative Class"**), including each employee's last known contact information. Plaintiffs' Counsel provided notice of the Lawsuit to the Putative Class along with instructions as to how to opt-into the Lawsuit.

A total of fifty-nine[1] (59) members of the Putative Class chose to opt- into the Lawsuit. By filing their opt-in consent forms with the Court, the Opt-in Plaintiffs consented to join the Lawsuit as party-plaintiffs. Further, they designated Vaughn as their representative, authorizing her to make decisions on their behalf concerning the lawsuit including negotiating a resolution of their claims. In November 2017, the parties agreed to pursue early mediation and informed this Court of their agreement.

Prior to mediation, LaMi provided information regarding the Opt-in Plaintiffs to Plaintiffs' Counsel, including the dates of employment, the weeks worked, the projects worked, and pay rates. The parties voluntarily mediated the Lawsuit on December 8, 2017, in Philadelphia, Pennsylvania with well-respected mediator Hon. Hunter Hughes and, after a lengthy, all-day mediation, and several weeks of discussions continuing after mediation, arrived at an agreement to settle the claims in the Lawsuit.

---

[1] Latisha Custer [D.E. 61-2], Jackie Munn [D.E. 61-3], Art Quinn [D.E. 61-8], Beverly Sanchez [D.E. 6110] and Jerry Hayes [D.E. 61-32] all participated in a previous wage and hour claim against Defendant. Accordingly they are not similarly situated to the named Plaintiff and were withdrawn from the case. [D.E. 68].

LaMi denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, and denies that this case could be litigated on a collective action basis, but nonetheless, without admitting or conceding any liability or damages whatsoever or the propriety of collective action status for trial purposes, has agreed to settle the Lawsuit on the terms and conditions set forth in the Settlement Agreement [D.E 69] to avoid the burden, expense and uncertainty of continuing the Lawsuit.

The parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require additional risk, discovery, time and expense. Plaintiffs' Counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and other potential claims and have determined that in the view of the costs, risks, and delay of continued litigation and the challenges of attempting to try the matter on a representative basis balanced against the benefits of settlement, that the recovery as provided in this Settlement Agreement is in the best interests of the Opt-in Plaintiffs and that the recovery provided in this Settlement Agreement represents a fair and reasonable resolution of the Lawsuit. The parties have agreed to settle this case as to all Opt-in Plaintiffs that have not previously settled and are similarly situated to Vaughn, all of whom are parties to this Settlement Agreement by virtue of Vaughn executing the Settlement Agreement on their behalf.

II.     Settlement Terms

For purposes of this Motion, the Parties stipulate and agree that the Court has jurisdiction over the claims of named Plaintiff Vaughn and all Opt-In Plaintiffs who filed Consent to Join forms in this action. The terms of the settlement include payment to each of the Plaintiffs in the following amounts:

|    | Last Name    | First Name | Gross Total |
|----|--------------|------------|-------------|
| 1  | Vaughn       | Kathleen   | $8,000.00   |
| 2  | Ahrens       | Lindsey    | $1,977.08   |
| 3  | Altman       | Bart       | $3,025.28   |
| 4  | Benkowski    | Michael    | $3,685.00   |
| 5  | Bland        | Jocelyn    | $250.00     |
| 6  | Burley       | Stevenson  | $1,815.04   |
| 7  | Butler       | Ashley     | $479.90     |
| 8  | Byars        | Ashley     | $250.00     |
| 9  | Carroll      | Stacy      | $1,352.02   |
| 10 | Celaya       | Althena    | $250.00     |
| 11 | Chavez       | Veronica   | $250.00     |
| 12 | Cox          | Rick       | $250.00     |
| 13 | Cuthbertson  | Susan      | $250.00     |
| 14 | Darrow       | Sandra     | $314.76     |
| 15 | Deal         | Ellen      | $2,123.60   |
| 16 | DiLeo        | Jason      | $250.00     |
| 17 | Dlugosch     | Connie     | $285.52     |
| 18 | Etcheverry   | Michael    | $679.20     |
| 19 | Franco       | Vilma      | $911.96     |

| | | | |
|---|---|---|---|
| 20 | Garcia | Valeria | $3,161.24 |
| 21 | Hawthorne | Cheri | $192.36 |
| 22 | Heckathorn | Amber | $703.02 |
| 23 | Hemby | Donna | $256.26 |
| 24 | Hibbs | Kathleen | $250.00 |
| 25 | Hollandsworth | Dorine | $854.50 |
| 26 | Johnson | Laura | $250.00 |
| 27 | Keyoski | Shayna | $393.34 |
| 28 | Kincaid | Lisa | $250.00 |
| 29 | Le | Quang | $250.00 |
| 30 | Lott | Britnee | $295.64 |
| 31 | Macomber | Ethan | $467.22 |
| 32 | Martinez | Mallory | $482.26 |
| 33 | McCampbell | Sherry | $250.00 |
| 34 | McCann | Geri | $254.22 |
| 35 | Moody | Jeana | $330.30 |
| 36 | Morris | Zachary | $593.16 |
| 37 | Neville | Susan | $250.00 |
| 38 | Nutter | Jennifer | $250.00 |
| 39 | Parks | Jennie | $250.00 |
| 40 | Phou | Veanguithya | $250.00 |
| 41 | Pool | Jennifer | $250.00 |
| 42 | Porties | Brittany | $250.00 |
| 43 | Raimer | Jolie | $250.00 |
| 44 | Randall | Kerri | $250.00 |
| 45 | Ruffin | Eric | $319.68 |

| 46 | Severt | Brian | $736.68 |
|---|---|---|---|
| 47 | Simmons | Tahembi | $250.00 |
| 48 | Stockwell | Andrew | $250.00 |
| 49 | Turner | Steven | $490.60 |
| 50 | Vandenberg | Melva | $487.38 |
| 51 | Vaughn | Ramon | $3,281.98 |
| 52 | Von Hurst | Kristine | $5,015.90 |
| 53 | Wilken | Connie | $252.88 |
| 54 | Willis | Alaina | $901.48 |
|  |  | **Total** | $49,619.46 |

The amounts payable above were calculated based on each Plaintiff's dates of employment, estimated weekly hours worked and number of weeks within the applicable statutory period. Each amount is payable as half back wages subject to applicable withholdings and half as liquidated damages.

The Agreement also provides for payment to Plaintiff's counsel in the amount of $48,380.54 in attorneys' fees and costs.[2] The fees and costs payable under this Agreement were negotiated separately and apart from the amounts payable to the Plaintiffs so as not to affect their recovery. The amount of attorneys' fees payable to Plaintiffs' counsel represents a significant downward adjustment. There are over 407 documents and over 494 emails in the file. Multiple motions were presented in

---

[2] Plaintiffs' costs in the case include $7,250.00 to mediator Hunter Hughes, $400.00 filing fee and $65.00 for process of service. Counsel, also, incurred an additional $6,499.70 in long distance calls, copies and travel. Counsel does not suggest that all costs are taxable, but represents that a total of $14,114.70 were incurred in prosecuting this matter.

the case. One settlement conference occurred with Magistrate Judge Jonathan Goodman and a private mediation occurred before the case was settled.

The Agreement does not provide for payment of incentive awards to the named Plaintiff or any other class member. The Agreement does not include a general release. The Agreement does not include a confidentiality provision. The Agreement does not contain a reversion clause. Any funds not collected within 60 days of tender will be transferred as payments to Legal Services of Greater Miami, Inc. as *Cy Pres* recipient.

The Opt-In Plaintiffs have been contacted by telephone and/or email regarding the settlement. To date, none of the Plaintiffs have raised an objection to the terms of the Agreement. To the contrary, each Plaintiff who has communicated either verbally or in writing with Plaintiffs' counsel regarding the Agreement has expressed the preference of resolving the matter.

### III.  Memorandum of Law

This case involves the compromise of a disputed claim under the FLSA. Under *Lynn's Food Store, Inc. v. United States*, when the parties reach a compromise settlement of an action brought by employees against their employer to recover back wages under the FLSA, the proposed settlement may be presented to the district court for approval.  679 F.2d 1350, 1353-55 (11th Cir. 1982).  To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised. *Davis v. JP Sports Collectibles Inc.*, 2016 WL 7474571 at *1 (M.D. Fla. 2016) (*citing Lynn's Food Stores*).

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

There is little doubt that the settlement reached in this case was the result of a highly-contentious, adversarial process(es). *See supra*. In determining the reasonableness of a settlement, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiffs' success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*Davis*, 2016 WL 7474571, at *2, (*citing Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) *and Leverson v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 N.6 (11th Cir. 1994).

Each of these factors weighs in favor of approval in this case as the settlement reached was the result of contentious litigation, a settlement conference and private mediation with a nationally recognized wage and hour class mediator.

First, the settlement was not the result of fraud or collusion but rather contentious litigation. Indeed, there were and continue to be substantial and bona fide disputes concerning liability in this case, including but not limited to legal disputes regarding the number of hours worked by Plaintiffs, disputes regarding whether the Plaintiffs worked off the clock, disputes regarding whether any alleged violations were willful, and disputes regarding whether LaMi's pay policies were adopted and implemented in good faith.

Second, the range of recovery in this case is highly uncertain. The Parties agree that if the issues in this case had been decided by a judge and/or jury, the Plaintiffs might have recovered more, or might have recovered less than the payments provided for in this Agreement. Further, the Parties agree that if a judge or jury determined that one or more Plaintiffs was entitled to back wages under the FLSA, the amount of back wages that might have been awarded was uncertain, because it could have been more, or less, depending upon findings of fact, findings of law, and application of the law to the facts. In fact, in the absence of settlement, there is a material and substantial risk that the Plaintiffs might lose their case and recover nothing, and further that under the specific facts of this case, even if they prevailed in litigation, the Court might have decided not to award liquidated damages, or to limit damages to a two-year statute of limitations.

Third, the Parties relied on the advice of highly-qualified counsel. The Parties' counsel are experienced FLSA litigators. Lead counsel for LaMi Stephen C. Goldblum, Esq. graduated from the University of Pittsburgh with a B.A. in Business and a B.A. in Communications and received his law degree from Villanova University School of Law in 1999, cum laude. Mr. Goldblum joined Semanoff, Ormsby Greenberg & Torchia, LLC's litigation department in 1999. Mr. Goldblum's practice is concentrated primarily in commercial litigation. He represents national, regional and local businesses, both large and small, and individuals, in state and federal courts throughout the country. In addition, Mr. Goldblum has significant experience in employment litigation matters, the defense of class and collective actions, restrictive covenant litigation and creditor's rights.

Mr. and Mrs. Mazaheri exclusively represent employees in a variety of labor and employment law matters including class and collective actions. In 2015, they published an article in the American Bar Association's Journal of Labor & Employment Law titled "Collective Notice of Individuals Rights Under the Fair Labor Standards Act: Court Enforcement of Pre-Arbitration Safeguards in Section 16(b) Actions." 30 ABA J. Lab. & Emp. L. 325 (Sept. 15, 2015). They have litigated many FLSA collective actions in multiple states throughout the United States and have participated in numerous speaking engagements for their practice area(s). For instance, Mr. Mazaheri presented on FLSA Collective Action Arbitrations in Washington D.C. at the American Bar Association Labor & Employment Annual Conference November 2017 and on the FLSA with Ellen Kearns at the Practicing Law Institute's Wage and Hour Conference in New York City last month.

Fourth, the length of the proceedings, amount of discovery conducted and the anticipated costs of continuing to litigate this case warrant approval. The Parties have exchanged detailed pay and time records regarding the claims raised in this case. This is not a settlement reached by either party coming to mediation with hat in hand. It is the product of detailed investigation and record analysis.

Moreover, the costs and uncertainty of continued litigation weigh heavily in favor of approval. There is a risk that some or all of Plaintiffs' claims will be unsuccessful at trial as recovery on even the most straight-forward FLSA claims is uncertain. *See, e.g. Gilson, et al. v. Country Club Motors, et al.*, Case No. 6:12-cv-01423-GKS-GJK (M.D. Fla. 2014) (Order granting Defendant's Motion for Judgment as a Matter of Law in FLSA case where the U.S. Department of Labor found a violation). As such, the Parties stipulate and agree that it is in their best interests to resolve this matter and that the amounts payable represent a reasonable compromise of a disputed claim.

Fifth, the amount of attorneys' fees and costs payable to Plaintiffs' counsel were agreed upon separately and apart of the amounts allocated to each Plaintiff so as not to affect the Plaintiffs' recovery in this matter. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). In fact, the fees payable under the Agreement represent a significant reduction in the actual amount of time spent litigating this matter on Plaintiffs' behalf. *See supra.*

Finally, the terms of the Agreement are fair and each Plaintiff has received notice of terms of the Agreement and the amounts to be paid. The Agreement contains no general release, no incentive payments, and no confidentiality.

Moreover, Defendant will tender payments within twenty days of judicial approval of the settlement. To date, no Plaintiff has objected to the Agreement despite having the opportunity to do so.

WHEREFORE, the Parties respectfully request entry of an Order:

(1) approving the Parties' Settlement Agreement [D.E. 69]; and

(2) dismissing this action with prejudice.

Respectfully submitted this 7th day of March, 2018,

/s/ Stephen C. Goldblum
Stephen C. Goldblum, Esquire
SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
Telephone:  (215) 887-0200
Facsimile:   (215) 887-5356
Email: sgoldblum@sogtlaw.com

Russell Landy
Florida Bar No.: 0044417
Peter F. Valori
Florida Bar No.: 0043516
Allison J. Leonard
Florida Bar No.: 87061
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone:  (305) 371-3960
Facsimile:   (305) 371-3965
       Email: rlandy@dvllp.com
       Email: pvalori@dvllp.com
       Email: aleonard@dvllp.com

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Florida Bar Number 643971
Christina J. Thomas
Florida Bar Number 74846
Morgan & Morgan
333 Vine St Ste 1200
Lexington, Kentucky 40507
Tel: (859) 219-4529
Email – bmazaheri@forthepeople.com
                cthomas@forthepeople.com

Counsel for Plaintiff(s)